IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RONALD SATISH EMRIT, | § | |
| Plaintiff, | § § § | |
| V. | § | A-14-CV-392  SS |
| | § § § | |
| NATIONAL ACADEMY OF RECORDING ARTS AND SCIENCES; BILLBOARD MAGAZINE; and SONICBIDS, INC., | § § § § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.**

This is a pro se civil action brought by Ronald Satish Emrit ("Emrit") against the National Academy of Recording Arts and Sciences ("NARAS"), Billboard Magazine, and Sonicbids, Inc. Before the Court are Plaintiff's Application to Proceed In Forma Pauperis and Financial Affidavit in Support [Clerk's Dkt. # 23], filed August 5, 2014, in relation to Plaintiff's Amended Complaint, submitted July 21, 2014.  Because Plaintiff is requesting permission to proceed in forma pauperis, this Court must review and make a recommendation on the merits of Plaintiff's claims pursuant to

28 U.S.C. § 1915(e).[1]

Pursuant to this obligation, and Federal Rule of Civil Procedure 12(e), the undersigned ordered Plaintiff to file a document entitled "More Definite Statement" with the clerk of the Court on or before August 29, 2014. [Clerk's Dkt. # 25]. Plaintiff was instructed he must provide support for his allegations against Defendants by simply stating, in his own words, each action Defendants took which Plaintiff believes was unlawful and the harm Defendants caused him. The undersigned provided a list of questions for Plaintiff to answer as part of the more definite statement. Plaintiff was admonished that his failure to timely file the More Definite Statement would result in this Court's recommending dismissal of Plaintiff's complaint for want of prosecution. To date, however, Plaintiff has failed to respond to the Court's order.

## II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Baldwin v. Gladstone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id*.; *Berry v. CINA/RSI-CINA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

---

[1] That statute provides, in pertinent part:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
(A) the allegation of poverty is untrue; or
(B) the action or appeal—
(I) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2).

### III.

Plaintiff has ignored a court order requiring him to provide additional information regarding the factual basis of his complaint. Without this information, the Court cannot perform the review and recommendation as to the merits of Plaintiff's claims required under 28 U.S.C. § 1915(e) and this litigation cannot proceed. Dismissal is clearly appropriate under the circumstances. *See* FED. R. CIV. P. 41(b) (authorizing dismissal of case for failure of plaintiff to prosecute); *Dorsey v. Scott Wetzel Serv.*, 84 F.3d 170, 171 (5th Cir. 1996) (Rule 41(b) authorizes district court to dismiss action with prejudice for want of prosecution by the plaintiff).

The referral of this case to the Magistrate Court should now be cancelled.

### IV. RECOMMENDATION

The Magistrate Court hereby **RECOMMENDS** the District Court dismiss Plaintiff's cause of action without prejudice pursuant to Fed. R. Civ. P. 41(b). The Magistrate Court **FURTHER RECOMMENDS** the District Court dismiss all of Plaintiff's pending motions without prejudice.

### V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Common*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass.*

*v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

To the extent that a Party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such Party a copy of this Report and Recommendation by certified mail, return receipt requested.

**SIGNED** on September 5, 2014.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE