FILED

2014 OCT 23  AM 11: 23

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

ALEX GARCIA ENTERPRISES, INC.,
Plaintiff,

-vs-                                                    Case No.  A-14-CA-392-SS

NATIONAL ACADEMY OF RECORDING
ARTS AND SCIENCES;  BILLBOARD
MAGAZINE; and SONICBIDS, INC.,
Defendants.

_____

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Ronald Satish Emrit's Motion to Proceed *in forma pauperis* [#23], the Report and Recommendation of the United States Magistrate Judge [#26], and Alex Garcia Enterprises, Inc.'s Notice of Appeal [#28], which the Court construes as Emrit's Objections to the Report and Recommendation.[1]  Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  Emrit is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections.  28 U.S.C. § 636(b)(1).  All other review is for plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

_____

[1] For an explanation of this strange procedural state of affairs, read on.

1415, 1428–29 (5th Cir. 1996) (en banc).  Nevertheless, this Court has reviewed the entire file de novo, and finds Emrit's Objections should be sustained.

The procedural history of this *pro se* civil action is rather a mess.  Ronald Satish Emrit, who according to the docket sheet is currently the named plaintiff, "is president and CEO" of Alex Garcia Enterprises, Inc. (AGE), a "start-up record label which has reported no earnings to date."  Appl. Proceed in Forma Pauperis [#1] at 6.  Emrit, who is not an attorney, prepared and filed the Application to Proceed *in forma pauperis* (IPF) which instituted this action, applying as "Ronald Satish Emrit on behalf of Alex Garcia Enterprises, Inc." and attaching a fifty-four (54) page handwritten Complaint, which names the National Academy of Recording Arts and Sciences, Billboard Magazine, and Sonicbids, Inc. as defendants.  *Id.* at 1; Compl. [#1-1] at 1.

On May 7, 2014, the Magistrate Judge entered an Order denying the IFP application and ordering AGE to obtain legal representation, as corporations are not permitted to proceed IFP, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 211–12 (1993), and nonlawyers cannot represent parties to federal litigation, *Gonzales v. Wyatt*, 157 F.3d 1016 (5th Cir. 1998).  Emrit, still "representing" AGE, thereafter filed (among other motions) Plaintiff's Motion to Remove and/or Dismiss Alex Garcia Enterprises (AGE) as the Plaintiff in this Case [#9], Plaintiff's Motion to Join Ronald Emrit as a Necessary and Indispensable Party [#10], and Plaintiff's Motion to Correct the Caption of the Present Case at Bar [#13], all of which, though primarily comprised of recitations of at best quasi-relevant Federal Rules of Civil Procedure, are aimed at removing AGE and substituting Emrit as the named plaintiff, and remain pending.

On July 21, 2014, styling himself as the plaintiff, Emrit filed a "motion to submit an amended complaint without [AGE] as the sole plaintiff."  Mot. Amend Compl. [#21].  Emrit attached his

proposed amended complaint to the motion, which names himself as plaintiff and omits AGE. *See* Am. Compl. [#21-1] at 1. The Magistrate Judge granted the motion by text-only order on August 8, 2014; Emrit was thereafter substituted as plaintiff, and AGE was terminated from this action.[2] On August 5, 2014, Emrit submitted the IFP motion presently under consideration.

As part of its review of Emrit's IFP motion, the Court must make a determination on the merits of Emrit's claims. *See* 28 U.S.C. § 1915(e). Accordingly, the Magistrate Judge ordered Emrit to file with the Clerk of Court, on or before August 29, 2014, a "More Definite Statement" answering certain questions posed by the Court and providing additional, specific support for Emrit's allegations. The Magistrate Judge admonished Emrit his failure to timely file a More Definite Statement would result in a recommendation his complaint be dismissed for want of prosecution.

Emrit failed to file a More Definite Statement, and on September 5, 2014, the Magistrate Judge issued his Report and Recommendation recommending this action be dismissed without prejudice for want of prosecution. AGE thereafter rose from the ether and, styling itself as plaintiff, filed both a "Notice of Appeal" [#28] and a "Designation of the Record on Appeal" [#29] concerning the Report and Recommendation. This purported appeal presents two problems: first, AGE, no longer being a party to this action, of course lacks the ability to appeal anything; and second, the Fifth Circuit lacks power to review a Magistrate Judge's nonbinding pretrial recommendation. WRIGHT & MILLER, 15A FED. PRAC. & PROC. JURIS. § 3901.1 (2d ed.). Consequently, the Court

---

[2] The Court suspects the Magistrate Judge chose to grant Emrit's motion rather than deny it, dismiss the action, and require Emrit to file a new lawsuit naming himself as plaintiff, as would technically be proper, because doing so would have burdened the Clerk of Court with a slew of handwritten filings identical or nearly identical to those filed under the present cause number, a particularly wasteful exercise given Emrit's application for IFP status.

construes the "Notice of Appeal" and "Designation" as Emrit's Objections to the Magistrate Judge's Report and Recommendation.

Turning to the merits of Emrit's Objections, Emrit states he never received the Magistrate Judge's Order requiring him to file a More Definite Statement, and it appears to this Court Emrit is correct. The Notice of Electronic Filing associated with the Magistrate Judge's Order reveals no notice of same was sent to Emrit by electronic or other means. *See* Notice of Electronic Filing, Aug. 11, 2014 Order [#25]. The Court will therefore give Emrit another opportunity to file a More Definite Statement in support of his claims. Emrit is further advised Alex Garcia Enterprises is no longer a party to this action, any future filings in which Alex Garcia Enterprises is styled as a plaintiff will be disregarded by the Court, and Alex Garcia Enterprises is dismissed from this action in all respects.

Accordingly:

IT IS ORDERED that Alex Garcia Enterprises, Inc. is hereby DISMISSED from this action in all respects;

IT IS FURTHER ORDERED that Plaintiff Ronald Satish Emrit's Objections [#28] are SUSTAINED;

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Mark Lane [#26] is REJECTED;

IT IS FURTHER ORDERED that the Clerk of Court shall deliver to Plaintiff true copies of this Order and Magistrate Judge Lane's August 11, 2014 Order, including the attached questions, by both regular and certified mail, return receipt requested;

IT IS FURTHER ORDERED that Plaintiff shall file, **within THIRTY (30) days from date of entry of this Order**, a More Definite Statement in which he answers the questions attached to Magistrate Judge Lane's August 11, 2014 Order; and

IT IS FINALLY ORDERED that all matters in this action are RE-REFERRED to Magistrate Judge Lane for issuance of a Report and Recommendation pursuant to this Court's authority under 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

SIGNED this the _22_ day of October 2014.

_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE