FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2015 FEB -5  AM 9: 31

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

RONALD SATISH EMRIT,
**Plaintiff,**

-vs-                                                        Case No.  A-14-CA-392-SS

NATIONAL ACADEMY OF RECORDING
ARTS AND SCIENCES; BILLBOARD
MAGAZINE; and SONICBIDS, INC.,
**Defendants.**

---

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Ronald Satish Emrit's Motion for Judgment Notwithstanding the Verdict [#3], Motion to Request a Federal Rule of Civil Procedure 16 Meeting [#4], Motion for Default Judgment [#5], Motion for Summary Judgment [#6], Motion for Directed Verdict [#7], Motion to Compel Court Clerk to Upload Complaint [#8], Motion to Remove and/or Dismiss Alex Garcia Enterprises, Inc. as the Plaintiff in this Case [#9], Motion to Join Ronald Emrit as a Necessary and Indispensable Party [#10], Motion to Change Venue [#11], and Motion to Correct the Caption [#16]; and the Report and Recommendation [#33] of United States Magistrate Judge Mark Lane. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the

Assignment of Duties to United States Magistrate Judges. Emrit is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendations.

### Background

Plaintiff Ronald Satish Emrit has sued Defendants National Academy of Recording Arts and Sciences (NARAS), Billboard Magazine, and Sonicbids, Inc. for two purported breaches of contract. His first cause of action alleges he contracted with NARAS in June 2005 for a "Grammys Membership," paying $100 for the membership at the time of contracting and $100 to renew the contract every year thereafter. Under the membership, Emrit alleges NARAS was obligated to grant him access to certain events, including the Grammy Awards. Emrit claims NARAS breached the contract by cancelling his membership in August 2010, and in doing so, damaged his reputation in the music business.

Emrit's second claim alleges breach of contract by Billboard Magazine and Sonicbids. Emrit claims in March 2007, he contracted with Sonicbids to send his (Emrit's) press kit to representatives from Billboard Magazine for the purpose of entering a music competition. According to Emrit, "[a]lthough [he] is not completely sure, he believes in 'good faith' that he won this Sonicbids, Inc. competition based off of entering his song 'All the Fine Ladies' in the competition." Am. Compl. [#24] at 7. This ostensible victory, Emrit alleges, created a contract between himself and Billboard Magazine entitling him to perform in a ten-minute slot at a hip-hop conference in Atlanta, Georgia. According to Emrit, Sonicbids and Billboard Magazine breached both aforementioned contracts on

-2-

or around October 2007 by attempting to charge him $5,000.00 to perform at the hip-hop conference, "depriving him of the opportunity to sign a record deal with a major record label." More Definite Statement [#25] at 5.

Emrit seeks $45,000,000.00 in damages for the harm to his reputation in the music business caused by these breaches of contract. Further, Emrit seeks an injunction reinstating his "Grammys Membership," requiring Billboard Magazine to permit Emrit to attend "all awards ceremonies, conferences, and networking events" and to chart Emrit's music, and requiring Sonicbids to allow him "to submit his music free of charge in all competitions sponsored by Sonicbids, Inc." Am. Compl. [#24] at 12.

## Analysis

### I.   Legal Standard

An *in forma pauperis* proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2) if "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous "'if it lacks an arguable basis in law or fact.'" *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). A dismissal for frivolousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The allegations in the complaint, "particularly a *pro se* complaint, must be accepted as true, along with any reasonable inferences that may be drawn therefrom." *Watts v.*

*Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983).  The petitioner's *pro se* status, however, does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. Mbank Hous. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## II.   Application

Within the last three years, Emrit has filed "at least fifty federal lawsuits across the country alleging a litany of frivolous claims against various defendants." *Emrit v. S. by Sw. Conference (SXSW)*, No. A-14-CV-936-LY, 2014 WL 5524219, at *4 (W.D. Tex. Oct. 31, 2014) (slip op.).  Last year, Emrit filed four cases, including the instant case, in this Court alone.  *See* Order Adopting R&R [#14], *Emrit v. Pub. Access to Court Elec. Records (PACER)*, No. A-14-CV-461-LY (W.D. Tex. Sept. 18, 2014) (dismissing case as frivolous); Order on R&R [#14], *Emrit v. Music Gorilla, Inc.*, No. A-14-CV-927-LY (W.D. Tex. Dec. 8, 2014) (dismissing case as frivolous); Order on R&R [#14], *SXSW*, No. A-14-CV-936-LY (dismissing case as frivolous).  In each dismissal, Emrit has been warned filing or pursuing further frivolous and vexatious complaints in this Court may result in the imposition of court costs, monetary sanctions, or barring Emrit from filing lawsuits in this Court without obtaining the permission of a District Judge of this Court or a Circuit Judge of the Fifth Circuit.  *See id.*

The instant complaint, which the Court required Emrit to supplement with a more definite statement, is as frivolous and incoherent as those that preceded it.  Accordingly, the Court dismisses Emrit's claims and, as repeatedly promised, bars Emrit from filing suit in this Court without first obtaining permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit.

-4-

A.      **Breach of Contract—NARAS**

Emrit's breach of contract claim against NARAS fails to state a claim upon which relief may

be granted, as the only damages he alleges are damages to his reputation in the music business.

More Definite Statement [#31] at 3, 4 (alleging he is entitled to $45,000,000.00 in damages because

"I have suffered a harm to reputation in the music business due to my being terminated as a

Grammys member" and explaining NARAS's alleged breach of contract injured him by "defam[ing]

the plaintiff and caus[ing] harm to his reputation in the music business").[1]  Damages to business

reputation are not recoverable in a breach of contract claim. *Sulzer Carbomedics, Inc. v. Or. Cardio*

*Devices, Inc.*, 257 F.3d 449, 455 (5th Cir. 2001) (citing *Rubalcaba v. Pac./Atl. Crop Exch., Inc.*, 952

S.W.2d 552, 559 (Tex. App.—El Paso 1997, no writ)).  As Emrit has alleged no recoverable

damages, his breach of contract claim against NARAS fails to state a claim for relief and must be

dismissed.

B.      **Breach of Contract—Billboard Magazine & Sonicbids**

Emrit's breach of contract claim against Billboard Magazine and Sonicbids is frivolous, as

it is, on its face, barred by the applicable statute of limitations. *See, e.g., Wyatt*, 157 F.3d at 1019–21

(explaining clearly time-barred IFP claims are properly dismissed as frivolous).  In Texas, the

limitations period for a breach of contract is four years. *See, e.g., Stine v. Stewart*, 80 S.W.3d 586,

592 (Tex. 2002) (noting actions for breach of contract are covered by the four-year limitations period

found in TEX. CIV. PRAC. & REM. CODE ANN. § 16.051).  A breach of contract claim accrues when

the contract is breached, *id.*, and here, Emrit alleges both Billboard Magazine and Sonicbids

---

[1] As the Magistrate Judge points out, even if Emrit's claim is liberally construed as a defamation claim, it is barred by the statute of limitations, as Emrit alleges his "Grammys Membership" was cancelled in 2010. *See* TEX. CIV. PRAC. & REM. CODE § 16.002 (limitations period for slander is one year).

breached their respective agreements with him in October 2007.  The limitations period has long

since passed.

    Emrit argues the limitations period should be equitably tolled because "the plaintiff did not

know that he could bring forth this cause of action pro se and 'in forma pauperis' (IFP)."  Am.

Compl. [#24] at 10.  That allegation is, quite simply, absurd.  *See* section III, *infra* (describing dozens

of federal actions brought *pro se* and IFP by Emrit since early 2013).  Emrit's breach of contract

claim against Billboard Magazine and Sonicbids is meritless and must be dismissed.

## III.    Sanctions

    The Court possesses the inherent power "to levy sanctions in response to abusive litigation

practices."  *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Sanctions are appropriate when a *pro*

*se* litigant has a history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh*, 989 F.2d 191,

195–97 (5th Cir. 1993).  Plaintiff certainly has such a history.  A PACER search reveals Emrit has

filed no fewer than forty-seven (47)[2] meritless lawsuits since March of 2013 in federal courts across

the country:

| Case Caption | Case No. | Court | Disposition |
|---|---|---|---|
| *Emrit et al. v. Cheap-O-Air et al.* | 8:13-CV-803-PWG | D. Md. | Dismissed |
| *Emrit v. Am. Soc. of Composers, Authors & Publishers et al.* | 1:13-CV-179-ML-LDA | D. R.I. | Dismissed for want of jurisdiction |
| *Emrit v. Universal Music Grp. et al.* | 1:13-CV-181-ML-LDA | D. R.I. | Dismissed |

[2] Four additional suits remain pending: *Emrit v. Winter Music Conference*, No. 2:15-CV-164-RCJ-PAL (D. Nev. 2015); *Emrit v. Hunter Med. Sys., Inc.*, No. 3:14-CV-608-BAJ-RLB (M.D. La. 2014); *Emrit et al. v. Chafee et al.*, 1:14-CV-106-ML-LDA (D. R.I. 2014); and *Emrit v. Fed. Elec. Comm'n et al.*, No. 2:14-CV-1517-APG-PAL (D. Nev. 2014) (R&R recommends dismissal).

| | | | |
|---|---|---|---|
| *Emrit v. Viacom/MTV et al.* | 1:13-CV-4741-LAP | S.D.N.Y. | Dismissed for want of jurisdiction |
| *Emrit v. Nat'l Acad. of Recording Arts & Scis. et al.* | 1:13-CV-4736-LAP | S.D.N.Y. | Dismissed as frivolous |
| *Emrit v. Nat'l Acad. of Recording Arts & Scis.* | 1:13-CV-4742-LAP | S.D.N.Y. | Dismissed |
| *Emrit v. Viacom/MTV et al.* | 1:13-CV-4909-LAP | S.D.N.Y. | Dismissed as duplicative |
| *Emrit v. Nat'l Acad. of Recording Arts & Scis. et al.* | 1:13-CV-5050-LAP | S.D.N.Y. | Dismissed as duplicative |
| *Emrit v. Office Depot, Inc.* | 9:13-CV-80750-KAM | S.D. Fla. | Dismissed |
| *Emrit v. Wolk et al.* | 2:13-CV-4471-NIQA | E.D. Pa. | Dismissed following denial of IFP[3] |
| *Emrit v. Wash. State Bar Ass'n* | 2:13-CV-1389-RSL | W.D. Wash. | Dismissed |
| *Emrit v. Office Depot, Inc.* | 8:13-CV-2297-RWT | D. Md. | Dismissed for failure to comply with court orders, noting Emrit is a vexatious filer |
| *Emrit v. Wash. State Bar Ass'n* | 2:13-CV-1402-RSM | W.D. Wash. | Dismissed following denial of IFP |
| *Emrit v. Am. Commc'ns Network, Inc.* | 1:13-CV-776-TDS-LPA | M.D. N.C. | Dismissed for want of jurisdiction |
| *Emrit v. Bank of Am. Inc.* | 3:13-CV-547-RJC-DSC | W.D. N.C. | Dismissed following denial of IFP, noting Emrit is a vexatious filer |
| *Alex Garcia Enters., Inc. (AGE) et al. v. Wells Fargo Bank* | 4:13-CV-4707-PJH | N.D. Cal. | Dismissed following denial of IFP |
| *Emrit v. Mercedes Benz of N. Am.* | 2:13-CV-7387-WJM-MF | D. N.J. | Dismissed following denial of IFP |

[3] In each instance thus described, Emrit applied for IFP status, was denied IFP status, was ordered to pay the filing fee by the court, and failed to pay the fee; the cases were thereafter closed by the clerk or dismissed by the court.

| | | | |
|---|---|---|---|
| *Emrit v. AstraZeneca Inc. et al.* | 1:13-CV-2090-SLR | D. Del. | Dismissed following denial of IFP |
| *Emrit v. Yahoo! Inc. et al.* | 4:13-CV-5951-SBA | N.D. Cal. | Dismissed following filing of a false IFP application |
| *Emrit v. MOHELA Corp. et al.* | 4:13-CV-2592-CAS | E.D. Mo. | Dismissed following denial of IFP |
| *Emrit v. Applied Bank et al.* | 1:14-CV-1-SLR | D. Del. | Dismissed following denial of IFP |
| *Emrit v. Cent. Payment Corp.* | 4:14-CV-42-YGR | N.D. Cal. | Voluntarily dismissed |
| *Emrit v. AOL Time Warner, Inc. et al.* | 1:14-CV-314-LAP | S.D. N.Y. | Dismissed; Court entered order barring Emrit from further IFP filings without permission |
| *Alex Garcia Enters., Inc. (AGE) v. Manifesto Records* | 2:14-CV-622-UA | C.D. Cal. | Dismissed following denial of IFP |
| *Alex Garcia Enters., Inc. (AGE) v. Taxi, Inc.* | 2:14-CV-578-UA | C.D. Cal. | Dismissed following denial of IFP |
| *Emrit v. Hilltop Records, Inc. et al.* | 2:14-CV-633-UA | C.D. Cal | Dismissed for failure to pay filing fee |
| *Emrit v. The Hollywood Reporter et al.* | 2:14-CV-688-UA | C.D. Cal. | Dismissed following denial of IFP |
| *Alex Garcia Enters., Inc. (AGE) v. Bryan Farrish Radio Promotion et al.* | 2:14-CV-801-UA | C.D. Cal. | Dismissed following denial of IFP |
| *Alex Garcia Enters., Inc. (AGE) et al. v. Blip Networks, Inc. et al.* | 3:14-CV-275-H-WVG | S.D. Cal. | Dismissed following denial of IFP |
| *Alex Garcia Enters., Inc. (AGE) v. Nat'l Ass'n of Music Merchs. et al.* | 2:14-CV-1043-UA-DUTY | C.D. Cal. | Dismissed following denial of IFP |
| *Alex Garcia Enters., Inc. (AGE) v. L.A. Times et al.* | 2:14-1248-UA-DUTY | C.D. Cal. | Dismissed following denial of IFP |

| | | | |
|---|---|---|---|
| *Alex Garcia Enters., Inc. (AGE) v. Nat'l Acad. of Recording Arts & Scis. et al.* | 2:14-1237-UA-DUTY | C.D. Cal. | Dismissed following denial of IFP |
| *Emrit v. Braden River Library et al.* | 8:14-CV-564-MSS-AEP | M.D. Fla. | Dismissed |
| *Emrit v. Sarasota Hous. Auth. et al.* | 8:14-CV-565-JSM-EAJ | M.D. Fla. | Dismissed |
| *Emrit v. Scott et al.* | 0:14-CV-60597-RSR | S.D. Fla. | Dismissed |
| *Emrit v. Miami-Dade Cnty. Pub. Hous. & Cmty. Dev. et al.* | 1:14-CV-20890-KMM | S.D. Fla. | Dismissed as frivolous |
| *Emrit v. Archdiocese et al.* | 1:14-CV-20910-UU | S.D. Fla. | Dismissed as frivolous |
| *Emrit v. Fla. Bd. of Bar Exam'rs et al.* | 4:14-CV-157-RH-CAS | N.D. Fla. | Dismissed |
| *Alex Garcia Enters., Inc. (AGE) v. The Orlando Sentinel et al.* | 6:14-CV-529-RBD-KRS | M.D. Fla. | Dismissed for failure to comply with court orders |
| *Emrit v. Nat'l Conference of Bar Exam'rs et al.* | 3:14-CV-310-wmc | W.D. Wis. | Dismissed following denial of IFP |
| *Emrit v. Am. Bar Ass'n et al.* | 1:14-CV-3281 | N.D. Ill. | Dismissed following denial of IFP |
| [this case] | 1:14-CV-392-SS | W.D. Tex. | Dismissed as frivolous |
| *Emrit v. Pub. Access to Elec. Court Records* | 1:14-CV-461-LY | W.D. Tex. | Dismissed as frivolous |
| *Emrit v. Watts Guerra, LLP* | 5:14-CV-473-XR | W.D. Tex. | Dismissed |
| *Emrit v. Nat'l Insts. of Health et al.* | 2:14-CV-1502-JCM-VCF | D. Nev. | Dismissed following denial of IFP |
| *Emrit v. Music Gorilla, Inc.* | 1:14-CV-927-LY | W.D. Tex. | Dismissed as frivolous |
| *Emrit et al. v. Anthem Claim Mgmt. Inc. et al.* | 2:14-CV-2281-ROS | D. Ariz. | Dismissed |

Emrit has been repeatedly warned against filing meritless and frivolous claims by this and other courts. As is demonstrated by his national filing history, Emrit abuses the *in forma pauperis* process and clogs the federal district courts with meritless litigation. Further, Emrit appealed the final judgments in all of the above-listed actions to the Fifth Circuit, and sometimes took interlocutory appeals, clogging the Fifth Circuit with meritless litigation. The Southern District of New York has already barred Emrit from filing any further actions without permission from a judge of that district. This Court finds it appropriate not only to do the same, but to send a copy of this order to all of the districts in which Emrit has previously filed suit other than the Southern District of New York.

## Conclusion

Accordingly:

IT IS ORDERED that the Report and Recommendation [#33] of the United States Magistrate Judge is ACCEPTED;

IT IS FURTHER ORDERED that Plaintiff Ronald Satish Emrit's Amended Complaint [#24] is DISMISSED WITH PREJUDICE as frivolous pursuant to 28 U.S.C. § 1915(e);

IT IS FURTHER ORDERED that all other pending motions are DISMISSED AS MOOT;

IT IS FURTHER ORDERED that Plaintiff Ronald Satish Emrit is BARRED from filing any additional lawsuits in the Western District of Texas without first obtaining leave from a Federal District Judge in the Western District of Texas, Austin Division, or a Judge of the United States Court of Appeals for the Fifth Circuit; and

-10-

IT IS FINALLY ORDERED that the Clerk of the Court shall send a copy of this order to all divisions of the Western District of Texas, to the United States Court of Appeals for the Fifth Circuit, and to all divisions of: the District of Maryland; the District of Rhode Island; the Northern, Middle, and Southern Districts of Florida; the Eastern District of Pennsylvania; the Western District of Washington; the Middle and Western Districts of North Carolina; the Northern, Central, and Southern Districts of California; the District of New Jersey; the District of Delaware; the Eastern District of Missouri; the Western District of Wisconsin; the Northern District of Illinois; the District of Nevada; and the District of Arizona.

SIGNED this the _4th_ day of February 2015.


_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE

392 rr ok 1915 ba.frm